IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br>v.<br><br>ANTHONY S. HOLGUIN-CORREA,<br><br>                  Defendant. | Case No. 2:19-CR-00416-DS<br><br>**MEMORANDUM DECISION AND ORDER DENYING MOTION FOR REVIEW OF DETENTION AND REQUEST FOR HEARING**<br><br>District Judge David Sam<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Defendant Anthony S. Holguin-Correa's (Defendant or Mr. Holguin-Correa) Motion for Review of Detention and Request for Hearing (ECF 20) (Motion). While Mr. Holguin-Correa has requested oral argument, the court finds that oral argument would not further aid the court in making its determination. As discussed below, the COVID-19 emergency bears significantly as to whether the Mr. Holguin-Correa should be released but, in the end, the court concludes detention remains warranted and therefore DENIES the Motion.

## I.    BACKGROUND

Defendant was indicted and charged with Possession of Heroin with Intent to Distribute and Carrying a Firearm during a Drug Trafficking crime (ECF 1). On December 26, 2019, Defendant appeared by way of writ for a detention hearing (ECF 5). The United States sought detention pursuant to 18 U.S.C. § 3142(f)(1) (ECF 22). Defendant submitted to detention, reserving the right to have it addressed later, and elected to return to state custody (ECF 5). The court entered an Order of Detention Pending Trial ordering Mr. Holguin-Correa to be detained pending resolution of the matter (ECF 12).

Defendant now moves for review of detention asserting his state custody holds have

been lifted and in light of COVID-19 health concerns, Defendant should be released (ECF 20). The United States filed a Response to Defendant's Motion for Review of Detention (ECF 22) (Response) asserting that Defendant failed to provide sufficient evidence to rebut the presumption that he is not a danger or a flight risk given his immigration status and that the COVID-19 pandemic does not merit the Defendant's release (ECF 22). Defendant submitted a Reply to Response (Reply) arguing Defendant's recent ICE detainer does not make him a greater flight risk and contends that the court should impose conditions of release which would mitigate that risk (ECF 23). This matter is now fully briefed.

Because Defendant previously submitted to detention, the court did not conduct a review of detention under 18 U.S.C. 3142(g) and therefore considers the factors herein.

## II. ANALYSIS

Under the Bail Reform Act of 1984, if a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." *See* 18 U.S.C. § 3142(e). In making this determination, the court is guided by the factors set forth in 18 U.S.C. § 3142(g), including (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person" (including, among other things, "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings" as well as a consideration of whether the defendant was on probation, parole, or other form of supervision at the time of the alleged instant offense), and (4) "the nature and seriousness of the danger to

any person or the community that would be posed by the person's release."  Because the Indictment charges an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act and for offenses under 18 U.S.C. § 924(c), a rebuttable presumption of risk of flight and danger to the community applies in this matter.  18 U.S.C. § 3142(e)(3)(A) & (B).  This is not disputed by either party (ECF 20 at 2 and ECF 22 at 8-9).  Once the presumption is invoked, the burden of production shifts to the defendant.  *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).  "However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government."  *Id*. at 1354-55.  Defendant's burden of production is not heavy, but some evidence must be produced.  *Id*. at 1355.  Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the court in determining whether to release or detain.  *Id*.

### A. Nature and Circumstances of the Offense Charged

As to the nature and circumstances of the offense charged, Mr. Holguin-Correa was found in possession of 253.7 grams of heroin, cocaine, marijuana, a firearm, $2747 cash money, and drug paraphernalia (ECF 22 at 5).  These are dangerous weapons and serious charges that favor detention when looking at the danger to the community.

### B. Weight of Evidence

After being advised of his Miranda rights, the Defendant allegedly admitted the heroin was his, admitted to dealing the heroin, and stated that the vehicle passenger had "nothing to do with it" (ECF 22 4).  The Defendant does not address these facts in either his Motion or Reply.  These facts trigger the presumption in § 3142(e) and weigh heavily in favor of detention.  The weight of the evidence is therefore strong.

### C. Prior History and Characteristics/ Danger to the Community

As to his prior history, while Mr. Holguin-Correa is young, in the span of less than a year he has been involved in several alleged criminal encounters that are troubling to the court in assessing danger to the community. Specifically, according to the pretrial report, Defendant was arrested in February of 2019, for Possession with Intent to Distribute a Controlled Substance and DUI, among other charges. In its brief, the United States proffers that in July 2019, the Defendant was present at a gang related homicide and admitted to engaging in a fist fight with decedent when he got shot (ECF 22 at 6). Further, a witness identified the Defendant as being in possession of one of two firearms that was used in the shooting (ECF 22 at 6). In October 2019 the pretrial report shows the Defendant was arrested for the conduct that gives rise to the current charges. Finally, on December 20, 2019, the Defendant was arrested for another DUI and has remained in custody since (ECF 22 at 6). In neither his initial Motion nor Reply does Mr. Holguin-Correa offer any mitigating information to address any of this history. Pretrial services gave Mr. Holguin-Correa a Risk Assessment score of 11, falling into the highest risk category of 5. This significant criminal history and high risk of danger to the community weighs against release and the court finds the Defendant failed to meet his burden of production on this issue.

### D. Risk of Flight

The United States argues that Mr. Holguin-Correa has failed to rebut the presumption that he is a flight risk (ECF 22 at 3). The court disagrees. The United States notes although Mr. Holguin-Correa has represented that if released he will reside with his mother or his Aunt in Salt Lake County, he has failed to provide contact information and addresses (ECF 22 at 6). While that is true, such information could be provided and verified by pretrial services as is customarily done in these cases. The United States further argues that because Mr. Holguin-Correa is from

4

Ecuador and retains an Ecuadorian passport, he could flee to his home country if released (ECF 22 at 6–7). Defendant responds that the risk of flight is low because he has not lived in Ecuador since his infancy and his immediate family resides in Salt Lake, and in light of heightened travel restrictions due to COVID-19 (ECF 23 at 1–2). While Mr. Holguin-Correa's immigration status does create some risk that he will return to Ecuador, the court finds the risk of flight to be minimal in light of his ties to this country having lived here with his family since infancy and the travel restrictions the world finds itself in with the COVID-19 pandemic.

In arguing flight risk, the United States also notes that the Department of Homeland Security (DHS) recently placed an Immigration and Customs Enforcement (ICE) detainer on him (ECF 22 at 7 n.2). Relying on *United States v. Ailon-Ailon*, 875 F.3d 1334 (10th Cir. 2017), Defendant responds that an ICE detainer does not prevent his release (ECF 23 at 2). In *Ailon-Ailon*, the Tenth Circuit rejected the Government's argument that an ICE detainer presents a risk of flight because Defendant would not be present for trial if removed by ICE. 875 F. 3d at 1336. The Tenth Circuit held that involuntary removal by a government agency does not establish "a serious risk that [the defendant] will flee" sufficient to support pretrial detention. *Id*. at 1339. The court agrees that the ICE detainer does not make Mr. Holguin-Correa a risk of fleeing or failing to appear. Rather, any such risk of nonappearance is within the control of the United States. ICE regulations provide that "departure" from the United States of any alien within certain categories, such as an alien who is needed as a witness in a criminal case, shall be deemed prejudicial to the interests of the United States. *See* 8 C.F.R. §§ 215.2(a); 215.3. As the prosecuting authority, the U.S. Attorney's Office has some control over whether a criminal defendant will be removed, such as through a stay or departure control. See *United States v. Rodriguez*, No.13-CR-20126-01-CM, 2013 WL 6904074, at *2 (D. Kan. Dec. 31, 2013); *United*

*States v. Resendiz-Guevara*, 145 F. Supp.3d 1128, 1136 (M.D. Fla. 2015). The court therefore finds that Defendant met his burden of production on flight risk or risk of nonappearance.

### E. Additional Circumstances Surrounding COVID-19 Concerns

Mr. Holguin-Correa asks this court to consider his pretrial release with respect to the COVID-19 outbreak. He provides authority that multiple individuals "have tested positive at the Salt Lake County Jail, and as of April 21, 2020, jail officials are refusing to discuss any more positive tests or outbreaks at the jail" (ECF 20 at 6). The United States concedes there are some positive tests but argues there are only "three inmates with positive tests and two with tests pending" and regardless, outlines steps the jail is taking (*i.e.*, it takes inmates' temperatures when booked and if necessary quarantines individuals with high temperatures, etc.) (ECF 22 at 7). There is no dispute there are positive cases at the Salt Lake County Jail which is concerning from Mr. Holguin-Correa and the court. The court does not question his genuine concern but notes that while perhaps not perfect, it appears the Salt Lake County Jail is taking some measures to protect its population. Furthermore, Defendant has not contracted the virus and has not provided any specific health information which renders him more susceptible to complications from the virus. Given the safety to the community concerns outlined above, the court cannot find that any potential health issues or COVID-19 concerns outweigh the potential harm to the community if he is released.

### ORDER

For the reasons stated above, the court DENIES Defendant's Motion.

DATED this 29 April 2020.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah